UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>        Petitioner,<br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>        Respondents. | Case No. 13cv215-AJB (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 8];**<br><br>**(2) DENYING PETITIONER'S MOTION FOR LEAVE TO ADD RESPONDENTS [ECF NO. 23];**<br><br>**AND ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO STRIKE RESPONDENT'S MOTION TO DISMISS [ECF NO. 15];**<br><br>**(2) DENYING PETITIONER'S MOTIONS FOR SANCTIONS [ECF NOS. 17 AND 20]; AND**<br><br>**(3) GRANTING RESPONDENT'S MOTION FOR CLARIFICATION [ECF NO. 13].** |

On March 27, 2013, Petitioner filed a First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2254. ECF No. 3. Currently before the Court is Respondent Superior Court of California's Motion to Dismiss the FAP. ECF No. 8 ("MTD"). Respondent argues that the Court lacks jurisdiction over Petitioner's claims because Petitioner has failed to establish

he is in custody pursuant to a state court judgment and has failed to name a proper respondent. Id. at 7-10.  Alternatively, Respondent argues that even if the Court did have jurisdiction, the FAP should nonetheless be dismissed because it contains an unexhausted claim. Id.  Petitioner did not file an opposition to Respondent's motion to dismiss.  Rather, Petitioner filed a motion for leave to add additional respondents and a motion to strike Respondent's motion to dismiss.  ECF Nos. 15 and 23.  Having considered all of the briefing submitted by the parties, and for the reasons set forth below, the Court **RECOMMENDS** that (1) Respondent's motion to dismiss be **GRANTED**; and (2) Petitioner's motion to add respondents be **DENIED**.  Also before the Court are Petitioner's motions for sanctions against Respondent's counsel, Petitioner's motion to strike Respondent's motion to dismiss, and Respondent's motion for clarification regarding Petitioner's subpoena.  ECF Nos. 13, 17, and 20.  For the reasons set forth below, the Court **DENIES** all of Petitioner's motions and **GRANTS** Respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Petitioner was charged with four counts of stalking in violation of Penal Code section 646.9(a) and four counts of extortion in violation of Penal Code section 523.[1] Lodgment 1.  At the preliminary hearing, Petitioner moved to dismiss the complaint on the grounds that Petitioner's conduct was protected speech under the First Amendment.  The trial court rejected Petitioner's motion and held Petitioner to answer on all eight counts.  In 2010, Petitioner pled guilty to one count of cyberstalking and the trial court sentenced Petitioner to two years in state prison.[2]  Petitioner completed his sentence on April 20, 2012, when he was

---

[1] In an unrelated case at around the same time, Petitioner was indicted in federal court for conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) in case 09CR1209-H. Petitioner ultimately pled guilty and was sentenced to thirteen months in federal prison and three years of federal supervised release. No documents pertaining to Petitioner's federal conviction were lodged with the Court in connection with this litigation.

[2] Petitioner apparently filed a myriad of petitions prior to sentencing, including a petition for review, a petition for habeas corpus, and a petition for writ of mandate. ECF No. 24 at 4. The California Court of Appeal summarized Petitioner's filings as follows: "Petitioner attempted to appeal, but it was dismissed in No. D056927 as premature because he had not been sentenced, and no judgment or appealable order had been entered. Petitioner then filed habeas petition No. D057549, which was denied because he had not sought relief in the trial court. Petitioner then proceeded to file petition No. D057854, which was denied because he had not provided proper documentation, he had not pursued relief in the trial court and because he could raise his issues at the time of sentencing." Id. On

discharged from parole.  Lodgment 3.

On November 20, 2010, Petitioner filed a notice of appeal and requested a certificate of probable cause, which was granted.  Lodgment 1 at 1.  Petitioner challenged the sufficiency of the evidence and reasserted his argument that his conduct was protected speech under the First Amendment.  Id.  On October 12, 2012, the court of appeal issued a written opinion affirming the trial court's judgment and rejecting Petitioner's arguments.  Lodgment 1.  Specifically, the court of appeal rejected Petitioner's sufficiency of the evidence claim because Petitioner admitted every element of the crime by pleading guilty.  Id. at 9-10.  The court of appeal also rejected Petitioner's First Amendment argument.  Id. at 7-9.  On November 19, 2012, Petitioner filed a petition for review in the California Supreme Court.  Lodgment 2.  On January 3, 2013, the California Supreme Court denied the petition.  Id.

On January 28, 2013, Petitioner filed his initial petition for federal habeas relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On January 31, 2013, District Judge Anthony J. Battaglia issued an order dismissing the petition without prejudice for lack of subject matter jurisdiction because Petitioner failed to demonstrate he was in custody or constructive custody pursuant to his state court conviction.  ECF No. 2.  On March 27, 2013, Petitioner filed his First Amended Petition ("FAP"), alleging that he satisfies Section 2254's custody requirement because "he is still on supervised release" pursuant to his federal conviction.  ECF No. 3.  On July 2, 2013, Respondent filed the instant motion to dismiss.  ECF No. 8.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012) (emphasis added).

---

September 13, 2010, Petition filed a second habeas petition before the California Court of Appeal, which denied the petition because Petitioner failed to show that he had been sentenced or that judgment had been entered." Id.

The exhaustion of available state judicial remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b); see Rose v. Lundy, 455 U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner also must "alert[] [the state] court to the federal nature of the claim." Id. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

## DISCUSSION

Respondent argues that the FAP should be dismissed because Petitioner is not in custody for the state conviction he seeks to challenge, and because Petitioner has failed to name a proper respondent. MTD at 7. Alternatively, Respondent argues that even if the Court had jurisdiction over Petitioner's claims, the FAP should still be dismissed because Petitioner's first claim - which alleges that California's cyberstalking statute violates the Commerce Clause - is unexhausted. Id. at 9.

Petitioner did not file an opposition to the MTD. However, in his FAP, Petitioner argued that this Court has jurisdiction to hear this case because the state conviction he is challenging in this case was used to enhance the federal sentence and he still is serving his term of federal supervised release. FAP at 1-4. Petitioner reasons that he is under "constructive custody" since his state conviction increased his federal sentence. Id. After the MTD was filed, Petitioner filed a motion for leave to amend his petition to add several federal officials as respondents.[3] ECF No. 23. Petitioner admits that these federal officials "have actual custody of Petitioner and are thus real parties in interest" and also states that he has "approximately one year remaining on federal supervised release." Id. at 4.

---

[3] Petitioner requests leave to add as Respondents U.S. Attorney General Eric Holder, Chief U.S. Probation Officer David J. Sultzbaugh, and U.S. Probation Officer Ymelda Valenzuela. ECF No. 23.

A.     **Motion to Dismiss**

Section 2254's custody requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time the petition is filed." Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)); see also 28 U.S.C. 2254(a). "'Custody' includes physical imprisonment as well as other significant restraints on liberty, but it does not include the mere collateral consequences of a conviction." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). Here, Petitioner's FAP attacks his state court judgment as unconstitutional. FAP at 16-30. However, it is undisputed that Petitioner completed his state sentence on April 20, 2012, when he was discharged from parole. Because Petitioner was not in custody pursuant to his state court judgment when he filed his original petition on January 28, 2013 and his FAP on March 27, 2013, the Court does not have subject matter jurisdiction over Petitioner's claims under Section 2254.

Despite Petitioner's failure to satisfy Section 2254's custody requirement, Petitioner appears to argue that the Court should construe the FAP as a challenge to Petitioner's federal conviction under Section 2255. FAP at 2. In support, Petitioner cites Feldman v. Perrill, 902 F.2d 1445 (9th Cir. 1990), for the proposition that the Court is "obliged" to construe his FAP as an attack on his federal sentence. Id. Subsequent case law, however, invalidates Petitioner's argument. In Allen v. State of Or., 153 F.3d 1046, 1060 fn. 3 (9th Cir. 1998), the Ninth Circuit acknowledged that the Supreme Court's holding in United States v. Custis, 511 U.S. 485 (1994), significantly narrowed Feldman's holding. In Custis, the Supreme Court held that a defendant has no constitutional right at his sentencing hearing to collaterally attack the validity of a prior conviction used to enhance a federal sentence, except in cases where the prior conviction was obtained in violation of the Sixth Amendment right to counsel. Id. at 493. More recently, the Supreme Court's companion decisions in Daniels v. United States, 532 U.S. 374 (2001) and Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) have made clear that a federal prisoner may not challenge the validity of an expired state conviction in a Section 2255 petition. In Daniels, the Supreme Court expanded the scope of its holding in Custis, and explained that

"[i]f [] a prior conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse...and the defendant may not collaterally attack his prior conviction through a motion under § 2255." 532 U.S. at 382. Similarly, in <u>Lackawanna</u>, the Supreme Court extended its holding in <u>Daniels</u> to include petitions under Section 2254 challenging enhanced state sentences. 532 U.S. at 396. Because Petitioner completed his state sentence and his state conviction is "no longer open to direct or collateral attack," Petitioner's state conviction is "conclusively valid" and Petitioner is precluded from attacking his state court conviction in a Section 2255 petition.[4] Accordingly, this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that Petitioner's motion for leave to add respondents be **DENIED**.[5]

**B.    OTHER MOTIONS**

**1.    Petitioner's Motion to Strike and Motion for Sanctions against Angela Borzachillo**

Petitioner moves the Court to strike Respondent's MTD and to award sanctions against Respondent's counsel, Angela Borzachillo. ECF Nos. 15, 17 and 20. Petitioner asserts that the MTD is "improper on its face" because it names "Anton Aleric Ewing" rather than "Anton A. Ewing" in the caption. <u>Id.</u> Petitioner contends that such error is a "fatal mistake that renders the court devoid of jurisdiction to rule on the motion to dismiss." <u>Id.</u> at 2. Petitioner provides no authority for his contention that Respondent's use of "Anton Aleric Ewing" as opposed to "Anton A. Ewing" in the caption of the instant motion is a "fatal mistake." ECF No. 15 at 2.

---

[4] Even if the Court were to construe the FAP as an attack on Petitioner's federal sentence under Section 2255, such a motion would be inappropriate because a petition under Section 2255 must be made before the sentencing judge. <u>Feldman</u>, 902 F.2d 1445, 1450 (9th Cir. 1990).

[5] Alternatively, the Court finds that the FAP is subject to dismissal as a mixed petition because Petitioner did not present his first claim for relief to the California Supreme Court. ECF No. 1 at 6 (Petitioner admits that he only presented claims two, three, and four to the California Supreme Court). The Court therefore recommends that if the case is not dismissed due to lack of subject matter jurisdiction, that it be dismissed as a mixed petition or that an options order be issued. <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed" petitions).

Respondent clearly identified Petitioner by his full name and Petitioner does not dispute "Aleric" is his middle name. Even if the Court found Respondent's use of Petitioner's middle name to be problematic, which it does not, the Court could *sua sponte* correct this mistake.

Petitioner also argues that the Court should strike the MTD and award sanctions against Respondent's counsel, Angela Borzachillo, for filing an allegedly false declaration with the Court. Id. On June 20, 2013, the Court granted Respondent's request for a brief continuance to respond to the FAP. ECF No. 6. In conjunction with the request, Ms. Borzachillo submitted a declaration stating that after she completes work in several other matters she "will turn [her] full attention [to] this case." ECF No. 5 at 3. However, Petitioner alleges that Ms. Borzachillo submitted the same declaration in another case before a different judge. ECF No. 15 at 6-7. Petitioner contends that because "[i]t is impossible to turn [one's] full attention to two different cases," Ms. Borzachillo "knowingly and intentionally filed a false and perjured declaration with the Court." Id. Although Petitioner believes Ms. Borzachillo made such request in bad faith, Petitioner fails to make any showing of prejudice.[6] Accordingly, the Court **DENIES** Petitioner's motion to strike and motion for sanctions against Ms. Borzachillo.

### 2. Respondent's Motion for Clarification Regarding Petitioner's Subpoena

On July 9, 2013, Respondent filed an *ex parte* motion for clarification regarding a subpoena for documents directed at the Attorney General of California. ECF No. 13, Exh. A. Respondent contends Petitioner did not seek the Court's permission to conduct discovery pursuant to the Rules Governing § 2254 cases, and requests that the Court find Petitioner's subpoena to be improper. Petitioner did not file any response. Rule 6(a) of the Rules Governing § 2254 cases requires habeas petitioners to obtain leave of court before conducting discovery. Here, Petitioner did not seek or obtain the Court's approval to conduct discovery. Accordingly, the Court **GRANTS** Respondent's motion. The Attorney General is not required to respond to Petitioner's subpoena. If the instant case is not dismissed, Petitioner may file an appropriate

---

[6] The Court notes that it would have granted Respondent's motion for additional time to file the MTD, even if Ms. Borzachillo had stated that upon completion of her current work, she would turn her attention to this case and another case.

motion seeking permission to conduct specific discovery.

### 3.  Petitioner's Motion for Sanctions Against Kevin Vienna

Petitioner also has filed a motion for sanctions against Respondent's counsel, Kevin Vienna. ECF No. 20. Specifically, Petitioner alleges that Mr. Vienna stated in Respondent's *ex parte* motion that Petitioner "served a subpoena" on Respondent when in fact the subpoena was emailed. ECF No. 20. Petitioner fails to make any showing of prejudice resulting from counsel's allegedly improper statement, and, as discussed above, Petitioner did not seek the Court's permission to conduct discovery in this case. Accordingly, the Court **DENIES** Petitioner's motion for sanctions against Mr. Vienna.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss [ECF No. 8]; and (3) denying Petitioner's motion for leave to add respondents [ECF No. 23].

The Court **DENIES** Petitioner's motion to strike Respondent's MTD [ECF No. 15] and Petitioner's motions for sanctions [ECF Nos. 17 and 20]. The Court **GRANTS** Respondent's motion for clarification [ECF No. 13].

**IT IS ORDERED** that no later than **October 25, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 1, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: October 9, 2013

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge