UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTON A. EWING

Petitioner,

v.

SUPERIOR COURT OF CALIFORNIA, *et al.*,

Respondents.

Case No.: 13cv215 AJB (BLM)

ORDER:

(1) ADOPTING REPORT AND RECOMMENDATION, (Doc. No. 25);

(2) OVERRULING PETITIONER'S OBJECTIONS, (Doc. No. 26);

(3) DENYING AND DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 3);

(4) DENYING PETITIONER'S MOTION FOR LEAVE TO ADD RESPONDENTS AND MOTION FOR CM/ECF ACCESS AS MOOT, (Doc. Nos. 19, 23); AND

(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, (Doc. No. 29).

On March 27, 2013, Petitioner Anton A. Ewing ("Petitioner") filed a First Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 3.) On July 2, 2013, Respondent filed a motion to dismiss the Amended Petition. (Doc. No. 8.) Petitioner did not file an opposition to Respondent's motion to dismiss, but instead, filed a motion to strike Respondent's motion to dismiss

and a motion to add respondents. (Doc. Nos. 15, 23.) On October 9, 2013, United States Magistrate Judge Barbara L. Major issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the Amended Petition and deny as moot Petitioner's motion for leave to add respondents. (Doc. No. 25.) Petitioner filed timely objections to the R&R on October 25, 2013. (Doc. No. 26.) For the reasons set forth below, the Court OVERRULES Petitioner's objections, ADOPTS the R&R, DENIES and DISMISSES the Amended Petition, DENIES AS MOOT Petitioner's motion for leave to add respondents and motion for CM/ECF access, and DECLINES to issue a certificate of appealability.

## BACKGROUND

In 2009, Petitioner was charged with four counts of stalking in violation of Penal Code section 646.9(a), and four counts of extortion in violation of Penal Code section 523.[1] In 2010, Petitioner pled guilty to one count of cyberstalking, and the trial court sentenced Petitioner to two years in state prison.[2] Petitioner completed his state court sentence on April 20, 2012. On April 27, 2009, Petitioner was indicted in federal court on an unrelated charge, and charged with conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). (Case No. 09-cr-1209, Doc. No. 1.) Petitioner ultimately pled guilty to the federal charge, and the Honorable Judge Marilyn L. Huff sentenced Petitioner to thirteen months in federal prison and three years of supervised release.[3] (Case No. 09-cr-1209, Doc. No. 18.)

---

[1] Petitioner did not object to the R&R's factual and procedural background of the case. Therefore, the Court reiterates the following pertinent facts.

[2] Prior to the sentencing Petitioner filed a myriad of petitions, including a petition for review, a petition for habeas corpus, and a petition for writ of mandate. The California Court of Appeal dismissed or denied the various petitions because no judgment or appealable order had been entered. On November 20, 2010, Petitioner filed notice of appeal and requested a certificate of probable cause, which was granted. In the notice of appeal Petitioner challenged the sufficiency of the evidence and reasserted his argument that his conduct was protected speech under the First Amendment. On October 12, 2012, the California Court of Appeal issued a written opinion affirming the trial court's judgment and rejecting both of Petitioner's arguments

[3] No documents pertaining to Petitioner's federal conviction were lodged with the Court in connection with this litigation.

On January 28, 2013, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 31, 2013, this Court issued an order dismissing the petition without prejudice for lack of subject matter jurisdiction, finding Petitioner had failed to demonstrate that he was in custody, or in constructive custody, pursuant to a "state court" conviction. (Doc. No. 2.) On March 27, 2013, Petitioner filed the Amended Petition in an attempt to correct this jurisdictional deficiency.

## LEGAL STANDARDS

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### II. Scope of Review for Federal Habeas Corpus Claims

A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (codified as amended 28 U.S.C. § 2254(d)), applies to § 2254 habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Pursuant to the AEDPA, when a petitioner does not challenge a state court's determination of the evidence, a § 2254 habeas corpus petition must not be granted with respect to any claim adjudicated on the merits by a state court, unless the

adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). However, a district court must have jurisdiction over the matter before it can adjudicate the merits of the habeas petition. *See* 28 U.S.C. § 2241(c)(3); *Mayeng v. Cook*, 490 U.S. 488, 490 (1989).

**DISCUSSION**

The R&R recommended that the Court dismiss the Amended Petition and deny Petitioner's motion to add respondents because the Court lacks subject matter jurisdiction to adjudicate the merits of the Amended Petition. Specifically, the R&R stated that because Petitioner completed his state court sentence when he was discharged from parole on April 20, 2012, he was therefore was not "in custody" pursuant to a "state court conviction" when he filed his original petition on January 28, 2013, or the Amended Petition on March 27, 2013. Petitioner does not contest that he completed his state court sentence on April 10, 2012, or that he filed his original petition several months later, but instead, objects to the R&R on the basis that he is "in custody via federal supervised release," and would not be subject to federal supervised release "but for" the additional time imposed by the criminal history enhancement related to his prior state court conviction. For the reasons set forth below, Petitioner's objections are contrary to well established law and therefore overruled.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). As a result, once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng*, 490 U.S. at 492. However, the "in custody" requirement of Section 2254 may be met even if the petitioner is not physically confined. For example, the Supreme Court has held that an individual remains

"in custody" for purposes of federal habeas relief while on parole or probation, and after release pending appeal, and the Ninth Circuit has found that a petitioner is still "in custody" for purposes of federal habeas review while attending a mandatory alcohol rehabilitation program. *See*, *e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 348-49(1973) (release pending appeal); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (parole); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation), *cert. denied*, 547 U.S. 1128 (2006); *Dow v. Circuit Ct. Of First Circuit Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (mandatory alcohol rehabilitation program).

However, and most pertinent here, although the Supreme Court has recognized, in extremely limited circumstances, that a petitioner may challenge an expired state court conviction through a federal habeas petition when the prior conviction is used to enhance a current state court conviction, the Supreme Court has not extended that reasoning to federal convictions that may have been enhanced by prior state convictions. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 406-08 (2001). Therefore, because Petitioner asserts that he is not seeking to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, and Petitioner does not contest that his state court sentence fully expired before he filed his initial petition and/or his Amended Petition, the Court finds Petitioner was not "in custody pursuant to the judgment of a State court" at the time the petition or Amended Petition was filed. 28 U.S.C. § 2254(a). Accordingly, because the Court lacks subject matter jurisdiction to address the potential merits of Petitioner's claim, the Court need not address whether Petitioner exhausted his claims, whether petitioner may add respondents, or whether Petitioner is entitled to CM/ECF access.

## CONCLUSION

For reasons set forth above, the Court hereby ADOPTS the R&R, (Doc. No. 25), OVERRULES Petitioner's objections, (Doc. No. 26), DENIES and DISMISSES the Amended Petition, (Doc. No. 3), DENIES AS MOOT Petitioner's motion for leave to add respondents and Petitioner's motion for CM/ECF access, (Doc. Nos. 19, 23), and

DECLINES to issue a certificate of appealability.[4] The Clerk of Court is instructed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: November 18, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] Under the AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability from the district court judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when a district court has rejected the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In the present case, the Court lacks subject matter jurisdiction to adjudicate the merits of the petition, and therefore DECLINES to issue a certificate of appealability.